UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHANIEL McDANIEL

VERSUS

MAJOR RICKY WILLIAMS, ET AL.

CIVIL ACTION

NO. 20-146-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rule 12(b)(6)* (Doc. 10) filed by Defendant, State of Louisiana, through Louisiana Department of Public Safety and Corrections, Dixon Correctional Institute (the "State").[1] Plaintiff Nathaniel McDaniel ("Plaintiff") opposes the motion. (Doc. 13.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is denied.

I.  Relevant Factual and Procedural Background

A.  Relevant Factual Allegations

The following factual allegations are taken from Plaintiff's *Petition for Damages/Broken Finger*, (Doc. 1-2) ("*Petition*" or "*Pet.*"). For purposes of this motion, the well-pleaded factual allegations are assumed to be true and construed in a light most favorable to Plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

Plaintiff in this action is Nathaniel McDaniel. (*Pet.* ¶ 3, Doc. 1-2.) Plaintiff is currently incarcerated in Dixon Correctional Institute ("DCI"). (*Id.*)

---

[1] As will be discussed below, there are two defendants in this action: the State and Major Ricky Williams. However, only the State brings this motion.

Defendants in this action are the State and Major Ricky Williams ("Williams"). (*Id.*) At the time of the events of this suit, Williams was employed by DCI.

Plaintiff alleges that, on November 7, 2018, he was arrested on a Rule 14 violation in Dorm G. (*Id.* ¶ 4.) Captain Dupuy grabbed Plaintiff around the neck, and Williams "secured the handcuffs on" him." (*Id.* ¶ 11.)

Plaintiff claims, "After placing [him] in cuffs, . . . Williams did purposefully or negligently bend the tip of the finger and cause it to break." (*Id.* ¶ 5.) Plaintiff continues, "Once the cuffs were on [him], . . . Williams started bending the left ring finger on [Plaintiff's] left hand until he broke the finger." (*Id.* ¶ 12.) As Williams "broke the finger, [Plaintiff] did not resist or fight[,] and he did scream out with pain as his finger was broken." (*Id.* ¶ 13.)

Plaintiff describes in detail the treatment and injuries of his "dislocated and broken" finger. (*Pet.* ¶¶ 6–10, Doc. 1-2.) Plaintiff eventually needed surgery. (*Id.* ¶ 9.) "The rod from the implant began sticking out of the end of the finger due to the lack of treatment[,]" and the "surgical site became infected and the proper care was not being provided to monitor or treat." (*Id.* ¶ 10.)

Plaintiff brings three claims for relief, though he incorrectly lists two "second" claims. (*Id.* ¶¶ 32–34.) First, he alleges a violation of 42 U.S.C. § 1983, stating, "Under the color of State and local law, Defendants violated the Plaintiff's 8th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force by the Defendant while being incarcerated. " (*Id.* ¶ 25.) Second, Plaintiff claims negligence in the alternative, alleging "Defendant knew or should have known that twisting a finger could cause it to break and/or lead to serious personal injury." (*Id.* ¶ 32.) Plaintiff seeks relief under Louisiana Civil Code Articles 2315 and 2321 for "intentional and/or negligent acts and/or omissions of the Defendant(s), and article 2317 and, in the alternative, for intentional infliction of emotional distress." (*Id.* ¶ 33.) Third, in the second "Second Claim for

Relief," Plaintiff pleads vicarious liability, saying only that "An employer is liable pursuant to respondeat superior for the tortious acts committed against third parties by its employees during the course and scope of employment and while under its control, direction and supervisor pursuant to [Louisiana Civil Code Articles] 2317 and 2320." (*Id.* ¶ 34.)

### B. Relevant Procedural Background

Plaintiff filed his *Petition* on February 4, 2020, in Louisiana state court. (Doc. 1-2.) On March 13, 2020, Defendants removed the case to federal court. (Doc. 1.)

The two defendants have responded in different ways. On May 1, 2020, Williams filed an answer. (Doc. 8.) On May 11, 2020, the State filed the instant motion to dismiss

## II.   Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 574 U.S. at 11 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion for dismissal:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff ... To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id*. at 502–03 (citations and internal quotations omitted).

### III. Discussion

#### A. Parties' Arguments

The State argues that Plaintiff has failed to state a claim "pursuant to federal law." (Doc. 10 at 1.) The State thus claims that "plaintiff's suit must be dismissed with prejudice." (*Id*.) Elaborating, the State says there is no *respondeat superior* liability under § 1983 and that government officials are only liable for their direct acts, not the acts of subordinates. (Doc. 10-1 at 3.) According to the State, Plaintiff only mentions the State because of *respondeat superior*, but "[m]erely listing a party's name is insufficient to invoke the Court's jurisdiction over that party." (Doc. 10-1 at 4.)

Plaintiff responds that the State "was alleged to be vicarious[ly] liable as the employer of Major Ricky Williams. Thus, there was no federal claim pled against the DOC." (Doc 13 at 2.) Plaintiff further asserts that, when the State removes a case to federal court, it waives Eleventh Amendment immunity. (*Id.*) Plaintiff cites *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 613-14 (2002) in support of this position. Further, since the Court has original jurisdiction over the § 1983 claim against Williams, the Court can exercise supplemental jurisdiction over the state law claim against the State.

#### B. Analysis

Preliminarily, Defendant is correct that the State is not liable under § 1983. "Section 1983 offers *no respondeat* superior liability." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). But, even more fundamentally, "[t]he Supreme Court has 'held that a State is not a "person" against whom a § 1983 claim for money damages might be asserted.' " *Med. RX/Sys., P.L.L.C. v. Texas Dep't of State Health Servs*., 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Lapides*, 535 U.S.

5

at 617). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.' " *Id*. (citations omitted).

However, Plaintiff plainly concedes that he is not asserting a § 1983 claim against the state and that his only claim is for vicarious liability under state law. Thus, to the extent that the *Petition* was ambiguous as to whether Plaintiff asserted a § 1983 claim against the state, Plaintiff now clarifies that and removes any doubt.

Further, Plaintiff is right that the State has waived Eleventh Amendment liability from suit. In *Lapides*, the Supreme Court "agreed to decide whether a state waives its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court[,]" at least in "the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Id.*, 535 U.S. at 617 (quotations and alterations omitted).[2] The Court concluded that "the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity[.]" *Id.*, 535 U.S. at 624, 122 S. Ct. at 1646. The High Court further explained: "where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by

---

[2] Of course, while the *Lapides* court said "Eleventh Amendment immunity," the Supreme Court has clarified at other times:

> The Eleventh Amendment makes explicit reference to the States' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amdt. 11. We have, as a result, sometimes referred to the States' immunity from suit as "Eleventh Amendment immunity." The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.

*Alden v. Maine*, 527 U.S. 706, 712–13 (1999).

6

invoking the prohibitions of the Eleventh Amendment." *Id.*, 535 U.S. at 619 (quoting *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906) (emphasis added by *Lapides* ) ).

The same reasoning applies here. The State voluntarily removed this action to federal court, so it has waived any Eleventh Amendment immunity with respect to the negligence or vicarious liability claims. *See JMCB, LLC v. Bd. of Commerce & Indus.*, No. CV 17-75-JWD-JCW, 2017 WL 6000349, at *10 (M.D. La. Dec. 4, 2017) (finding under *Lapides* that state defendants had waived Eleventh Amendment immunity from suit by removing the action to federal court). For these reasons, the State's motion will be denied.

In closing, the Court notes that, "Sometimes a simple phone call is the best course of action. For example, you can sometimes save time (yours and the court's) and expense (yours or your client's) by calling opposing counsel to prevent a needless motion.)." David Borghardt & Jamie Tullier, *Law Clerk Corner: Part 2*, THE BATON ROUGE LAWYER, Mar.–Apr. 2020, at 8. Here, the State could have found out that Plaintiff was not asserting any § 1983 claim, and Plaintiff could have alerted the State about *Lapides* and the State's waiver of sovereign immunity, to the extent the State was not aware of it. The State could have withdrawn its motion after realizing it would not prevail, and Plaintiff could have stipulated that he is not asserting any claim against the State under § 1983. Given this Court's high case load for the past few years, *see* Borghardt & Tullier, *supra* at 9, and given the further burdens on the Court caused by the COVID-19 pandemic, the parties should work together to reduce unnecessary expenditure of resources for themselves and the Court. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added)).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the State's *Motion to Dismiss Pursuant to Rule 12(b)(6)* (Doc. 10) is **DENIED.**

Signed in Baton Rouge, Louisiana, on February 18, 2021.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**